IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOUGLAS BRYAN JEWETT,**

      **Plaintiff,**

                                    **Civil Action 2:19-cv-4183**

      v.                            **Chief Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

      Plaintiff, Douglas Bryan Jewett, filed a Complaint on September 23, 2019, under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Plaintiff filed his application for benefits in October 2015, alleging that he has been disabled since August 24, 2015. (R. at 12.) Plaintiff's application was denied initially and upon reconsideration. (R. at 1, 9.) Administrative Law Judge Jeffrey Hartranft ("ALJ") held a hearing on March 9, 2018, at which Plaintiff, represented by counsel, appeared and testified, along with Connie O'Brien-Heckler, a vocational expert. (R. at 30–57.) On July 19, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12–24.) On July 22, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–6.) Plaintiff then timely commenced the instant action. (ECF No. 1.) On December 19, 2019, the Commissioner filed a Motion to Remand. (ECF No. 14.) Plaintiff filed a Response in Partial Opposition on

December 27, 2019, asserting that the case should be remanded but requesting that the Court instruct the Appeals Council to assign the case to a new ALJ and require a new hearing.  (ECF No. 15.)  The Commissioner filed a Reply on January 7, 2020, maintaining that such an instruction from this Court would be inconsistent with the applicable regulations and precedent and, moreover, would constitute judicial overreach.  (ECF No. 16.)  For the reasons that follow, the Commissioner's Motion to Remand (ECF No. 14) is **GRANTED**.

The Appointment Clause of the Constitution "lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees."  *Lucia v. S.E.C.,* 138 S. Ct. 2044, 2049 (2018) (citing U.S. Const. art. II, § 2, cl. 2).  In *Lucia*, the United States Supreme Court held that in order to cure an error under the Appointment Clause, "another ALJ (or the [executive agency] itself) must hold the new hearing to which [the claimant] is entitled."  138 S. Ct. at 2055.  The Social Security Administration issued Social Security Ruling ("SSR") 19-1p after the *Lucia* decision to set out the agency's policies when a claimant raises a challenge to the constitutionality of an ALJ's appointment.  SSR 19-1p, 2019 WL 1324866 (S.S.A. Mar. 15, 2019).  The Ruling provides that, where a claimant has raised a timely Appointment Clause challenge at the administrative level, the Appeals Council will, upon remand, "conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision."  SSR 19-1p.

Here, because Plaintiff raised a timely challenge under the Appointment Clause, the Commissioner moves the Court to remand this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Appeals Council.  (ECF No. 14.)  Plaintiff agrees that the matter should be

remanded but opposes the Commissioner's Motion in part because he maintains that the Court should remand the matter directly to a new ALJ with an Order that Plaintiff be afforded a new hearing before that ALJ. (ECF No. 15.)

As the Commissioner points out, Plaintiff is effectively asking the Court to rule that the Appeals Council *must* remand to an ALJ and *may not* issue a new decision itself. This reading would effectively override SSR 19-1p. Indeed, the the plain language of SSR-19-1p specifically provides that the Appeals Council may either remand the matter to a new ALJ or issue a decision itself. *See* SSR 19-1p (directing that, upon remand, the Appeals Council will "either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision").

Plaintiff asserts, without considerable analysis, that it would be unconstitutional for the Appeals Council to issue its own decision without affording Plaintiff a new hearing. (ECF No. 15 at 4–5, citing 42 U.S.C. §405(b)(1).) Standing on this premise, Plaintiff urges this Court to remand the matter directly to a new ALJ and mandate that the new ALJ hold a hearing. (*Id.*)

At least two other district courts have considered and rejected Plaintiff's interpretation of *Lucia* and SSR 19-1p, finding that it would be judicial overreach and, moreover, inconsistent with the Supreme Court's decision in *Lucia*. The District Court for the Western District of Texas rejected Plaintiff's position as follows:

> *Lucia* itself supports the Commissioner's position. In *Lucia*, the Supreme Court stated that the cure for the constitutional error of an improper appointment is remand so that a new ALJ ***or the executive agency*** (here the Social Security Administration) itself may hold a new hearing . . . . The Social Security Administration interpreted this directive as permitting either a new ALJ hearing or a decision by the Appeals Council, which is a branch of the Administration. Therefore, based on the parties' agreement that Plaintiff timely challenged the appointment of the ALJ under *Lucia* and that remand is proper in this case, the Court should remand to the Appeals Council.

3

*McKay v. Saul*, No. SA-18-CV-01339-ESC, 2019 WL 2568744, at *2 (W.D. Tex. June 21, 2019 (emphasis in original; internal citations omitted); *see also O'Dell v. Saul*, No. 2:19-0054, 2019 WL 4685415, at *2 (M.D. Tenn. Sept. 9, 2019), *report and recommendation adopted*, No. 2:19-CV-00054, 2019 WL 4673618 (M.D. Tenn. Sept. 25, 2019) (applying the court's reasoning in *McKay* and concluding that "remand to the Appeals Council in accordance with SSR 19-1p is appropriate.")

This Court finds the reasoning in *McKay* and *O'Dell* persuasive and likewise concludes here that remand to the Appeals Council under Sentence Four of 42 U.S.C. § 405(g) is appropriate.  Plaintiff's assertion that it would be unconstitutional for the Appeals Council to issue a decision itself without affording Plaintiff the opportunity for a new hearing is premature as the Appeals Council may, under SSR 19-1p, assign the matter to a new ALJ and/or conduct a new hearing.  Accordingly, and as the *McKay* and *O'Dell* courts both noted, "[n]othing in this opinion should be read as precluding Plaintiff from raising [his] argument that the Appeals Council is prohibited from deciding the case itself on remand if the issue becomes ripe because the Appeals Council chooses not to reassign a new ALJ to this case." *O'Dell*, 2019 WL 4685415, at *2 (quoting *McKay*, 2019 WL 2568744, at *2).

Accordingly, the Commissioner's Motion (ECF No. 14) is **GRANTED**.  This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

IT IS SO ORDERED.

Date: April 21, 2020                    */s/ Elizabeth A. Preston Deavers*_____
                                                                              ELIZABETH A. PRESTON DEAVERS
                                                                              CHIEF UNITED STATES MAGISTRATE JUDGE